Christopher D. PIERCE, also known as Christopher D. Morehei Pierce, Petitioner–Appellant,

v.

Michael A. NELSON; and Carla Stovall, Attorney General of Kansas, Respondents–Appellees.

No. 01–3032.

United States Court of Appeals, Tenth Circuit.

Aug. 14, 2001.

Before EBEL, KELLY, and LUCERO,

Circuit Judges.*

## ORDER AND JUDGMENT **

PAUL KELLY, JR., Circuit Judge.

Mr. Pierce, an inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Mr. Pierce was convicted of aggravated robbery and kidnapping in state court and sentenced to thirty years to life imprisonment. R. doc. 9, at 2. Mr. Pierce filed two habeas petitions in federal court,[1] which the district court consolidated and denied. *Id.* at 6. The court also denied Mr. Pierce a COA. R. doc. 16, at 2. We have jurisdiction under 28 U.S.C. § 2253(c) and likewise deny Mr. Pierce a COA.

The district court rejected Mr. Pierce's arguments in his first petition, R. doc. 1, that (1) he did not commit a burglary in Montgomery County, Alabama that was included in his criminal history, (2) he had ineffective assistance of counsel because the trial court refused to appoint substitute counsel, and (3) he waived a preliminary hearing so that substitute counsel could be appointed. The district court also rejected Mr. Pierce's argument in his second petition, R. doc. 1 (D. Ct. Case No. 00–3408), that he is unlawfully confined because the state court clerk refused to file his appeal because of his inability to pay the filing fee.

A COA should issue only if Mr. Pierce "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has failed to make this showing on the only issues he seeks to appeal. *See* Pet. Br. at 1 (filed Mar. 19, 2001); Pet. Supp. Br. at 2–3 (filed July 2, 2001). He has not overcome the presumption accorded to state factual findings, 28 U.S.C. § 2254(e)(1); the Kansas Court of Appeals rejected Mr. Pierce's post-conviction claim that his criminal history was inaccurate based upon the Montgomery, Alabama conviction. *Pierce v. Kansas,* No. 83,506, Memo. Op. at 2 (Kan. Ct.App. Apr. 7, 2000). The letter attached to his brief written by Carol Lucero, Sentence Computation Unit, Kansas Department of Corrections is not to the contrary. Pet. Br. ex. A. The letter informs Mr. Pierce that Ms. Lucero contacted the Court Administrator in Montgomery County Alabama and confirmed that Mr. Pierce was "indeed convicted" of burglary. *Id.* Mr. Pierce was therefore informed that this conviction would "remain part of [his] criminal history." *Id.* Thus, the letter refutes Mr. Pierce's contention. Needless to say, Mr. Pierce has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Accordingly, Mr. Pierce's COA application is DENIED and his petition is DISMISSED.

---

\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

\** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Unless otherwise indicated, record citations are to the record for Mr. Pierce's first petition, district court case number 00–3240.